**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANDEEP SINGH; et al., | No. 12-72058 |
| Petitioners, | Agency Nos. A089-671-418 |
| v. | A089-671-419 |
| | A089-671-420 |
| LORETTA E. LYNCH, Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2015[**]
San Francisco, California

Before: HAWKINS, SILVERMAN, and CHRISTEN, Circuit Judges.

Petitioner Mandeep Singh ("Singh") seeks review of the Board of Immigration

Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his

application for asylum, withholding of removal, and protection under the Convention

Against Torture ("CAT"). We review the agency's adverse credibility determination

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and deny the petition.

Singh lied repeatedly on the stand when questioned about a theft arrest in the United States, changing his story significantly and time after time, even after being admonished by the IJ that telling the truth was very important and that failing to do so could adversely affect his asylum claim. The "unbelievably glib way that [Singh] changed his testimony" under oath permissibly led the IJ to conclude that Singh's dishonesty about this event "cast a pall over his entire claim" and that Singh appeared to be "someone who was quite capable of lying repeatedly and extensively." *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (upholding adverse credibility determination premised largely on petitioner's previous lies about identity and country of origin to CBP officials and a district court judge who had made it clear to petitioner that she was under oath).

Although one reason alone could be sufficient to uphold the adverse credibility determination, *Lianhua Jiang v. Holder*, 754 F.3d 733, 738-39 (9th Cir. 2014), the IJ also noted some discrepancies in Singh's and his wife's story of his alleged persecution in India. Singh's wife stated in her declaration that, after an April 2007 incident, they decided Singh should go to the police, and he did (but that she did not); then she testified that they decided they should not go to the police; then, after a lunch

break, she testified that "we" went to the police. In addition, Singh's detailed six-page declaration stated he was released from the police after his May arrest later that night when elders from his village asked about him, without mentioning his own brother's involvement in his release, as he testified on the stand. *See Singh v. Holder*, 638 F.3d 1264, 1270 (9th Cir. 2011) ("If a person cannot tell substantially the same story twice in substantially the same way, that suggests a likelihood that the story is false.").

Finally, the IJ and BIA also noted as part of the totality of the circumstances that Singh's credibility was further undermined by the country conditions report indicating Sikhs had ascended to the highest level of political offices in India, and containing no evidence that the Indian police would have any interest in a low-level, rank and file member of the Mann party. *Cf. Singh v. Lynch*, --- F.3d ---, 2015 WL 5515484, *3 (9th Cir. 2015) (upholding adverse credibility determination based solely on background evidence in the record).

Because Singh failed to qualify for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir.2003). In addition, because Singh's "claims under the [CAT] are based on the same statements . . . that the BIA determined to be not credible" in the asylum context, the agency may rely upon the same credibility

determination in denying both the asylum and CAT claims.  *Farah v. Ashcroft*, 348

F.3d 1153, 1157 (9th Cir.2003).

**PETITION DENIED.**